IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          No. CV-06-0086 WJ/WPL
                                               CR-02-1675 WJ

JIMMY ALEX BARELA, JR.,

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 52) filed January 30, 2006. *See* 28 U.S.C. § 2255 R. 4(b). Defendant was convicted on an indictment charging him as a felon in possession of a firearm under 18 U.S.C. §§ 922, 924. On April 9, 2003, the Court entered judgment on Defendant's conviction, and on April 29, 2004, the Court of Appeals for the Tenth Circuit affirmed his conviction and sentence. Defendant claims that his sentence is illegal under the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). He also contends that his motion is timely because he filed it within one year after the *Booker* decision.

Defendant is incorrect in his assertion that his motion was timely filed. First, "[Defendant] argues that he had one year from *Booker* to file his claim. He would be correct if *Booker* were 'retroactively applicable to cases on collateral review.' But *Booker* is not retroactively applicable, . . ." *United States v. Atayde*, No. 05-1273, 2005 WL 2822475, at *2 (10th Cir. Oct. 28, 2005) (quoting § 2255). And second, he executed his § 2255 motion on January 24, 2006, more than a year

after January 12, 2005, when *Booker* was decided. The motion was not timely filed.

Even if the motion were timely, Defendant's allegations of illegal sentence do not support his § 2255 claim. The *Booker* ruling provides no basis for collateral review of a criminal conviction or sentence. *See United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005); *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005). By its express terms, the decision in *Booker* applies only to pending cases and those on direct review. *See Booker*, 543 U.S. at 268; *Bellamy*, 411 F.3d at 1186. Defendant is not entitled to relief under this decision, and his § 2255 motion will be dismissed.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 52) filed January 30, 2006, is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE